## TWO CLASSES OF FIRST DEGREE MURDER.

Common Pleas Court of Franklin County.

THE STATE OF OHIO V. NELSON PIERCE.*

Decided, July 3, 1921.

*Characteristics of Murder in the First Degree—Intentional Killing with Premediated Malice, and Murder While Attempting to Perpetrate a Robbery—Both Classes of Murder May be Charged in the Same Indictment—Included Degrees of Murder.*

1. Section 12400 of the Criminal Code defines two separate and distinct kinds of murder in the first degree each having its special and peculiar characteristics.

.2. Whoever purposely and with deliberate and premeditated malice kills another is descriptive of the first class of first degree homicide, the characteristics of which are the purposely killing of another with deliberate and premeditated malice; and this class of first degree murder includes murder in the first degree and manslaughter.

3. But the statute providing that whoever purposely, in attempting to perpetrate robbery kills another is descriptive of a second class of first degree murder which includes neither second degree murder nor manslaughter.

4. So in a case like the present where the State is not certain whether the evidence will prove a murder committed while perpetrating one of the felonies named, or whether it will show a deliberate and premeditated killing or manslaughter, the indictment may charge the two classes of first degree murder, in which case manslaughter will be embraced within the count in the indictment charging deliberate and premeditated murder which embraces the charge of manslaughter, thus authorizing the court to submit by an appropriate charge the lesser degree of manslaughter, where as in this case, there may be evidence warranting such course.

5. The sole question involved and decided in *Bandy* v. *Bandy*, 102 O. S., 384, affirming 22 N. P. (N.S.), 65, was whether under a charge of murder in the first degree for purposely and maliciously killing another while perpetrating a robbery, it was error to refuse to charge either murder in the second degree or manslaughter, where there was no evidence tending to support either of such offenses.

* Affirmed by the Court of Appeals on the reasoning of this opinion.

Whether "murder in the first degree, literally considered, necessarily includes murder in the second degree and manslaughter" was neither involved, presented nor decided by the judgment of any of the three courts.

*John R. King,* Prosecuting Attorney, and *J. A. Godown,* Asst. Prosecuting Attorney, for the state.

,*Harry L. Doud* and *August Weber,* for defendant.

KINKEAD, J.

Defendant was charged with murder in the first degree in killing Henry Terry while attempting to perpetrate a robbery upon him. Terry maintained a place where a saloon and restaurant was formerly kept, which subsequent to prohibition was conducted as a restaurant and soft drink place.

On the 20th day of May, 1921, a jury returned a verdict finding the defendant, Nelson Pierce, guilty of murder in the first degree with a recommendation of mercy. The defendant was charged with having murdered one Henry Terry on the twenty-sixth day of November, 1920, in perpetrating a robbery.

The facts in the case, and the form of the indictment present important phases in the law and practice in homicide different from any of the twenty-two homicide cases which we have had occasion to try and consider.

In *Bandy* v. *State,* 102 O. S., 384, affirming the judgment in *State* v. *Bandy,* 22 N. P. (N. S.), 65, it is settled that under a charge of murder in the first degree, no instruction should be given as to any degree included within the charge where there is no evidence tending to prove the same. This was the rule of *State* v. *Snouffer,* 20 N. P. (N. S.), 65, affirmed by the Appelate Court, leave to file in Supreme Court being refused. But this doctrine was as firmly settled in *Dresback* v. *State,* 38 O. S., 365, as now stated in the Bandy case, but was not followed by trial courts generally.

It is now certain, however, that in trial of persons charged with murder in the first degree, no instruction should be given the jury as to second degree or manslaughter where there is no evidence tending to prove such lesser degree. Judicial opinion should be restricted to the question essential to the conclusion

and judgment, but trial judges who do not lay down the author-
itative rule, may enter the field of argument in order to demon-
strate reasons for the course pursued. In *Bandy* v. *State*, 102 O.
S., 384, the Supreme Court more clearly and forcibly reiterates,
in better form the doctrine of *Dresback* v. *State, supra*. Review-
ing courts, or courts of last resort usually restrict judicial ex-
pression to the precise question at issue. In this respect the
opinion of the Court of Appeals in *Bandy* v. *State* was a model;
it was confined to a discussion of the facts established and an
expression of judgment thereon. In the court of last resort,
however, the syllabus and opinion contains statements not raised
or warranted by the facts. The sole question involved was
whether the evidence tended to prove any other crime than
murder in the first degree; the record did not present the ques-
tion whether—literally considered, murder in the first degree
necessarily included murder in the second degree or man-
slaughter. The Supreme Court decided the question presented
by the record, but also stated that:

"Murder in the first degree, literally considered, necessarily
includes murder in the second degree and manslaughter."

This was *dictum*, though stated in the syllabus:

Murder literally considered, in theory includes second degree
and manslaughter it is said; that is, an indictment for delib-
erate and premeditated murder includes the degrees within
the charge. As applied to the record in the Bandy case it had
no relevancy for the reason that the evidence concededly tended
to prove no other crime than murder while in commission of rob-
bery. Literally, taking the language of the Bandy indictment
in its usual and primary sense, we share the opinion with other
trial judges, that the charge included no other crime than mur-
der while perpetrating a felony. The crime defined by statute
and charged by indictment was murder while perpetrating rob-
bery. The definition of the crime by statute, and that charged
by the indictment was murder in commission of robbery; it was
not specific intentional and malicious murder—the heinousness
of the act supplying the specific intent to kill. Of course, one

is held to intend the natural and probable consequences of his acts. But purposely and maliciously killing another, after deliberation, is descriptive of a specific intent, while deliberate and premeditated malice designates express malice. This class of murder excludes, or is outside of that committed while perpetrating or attempting to perpetrate a felony. The intent in first degree intentional murder is of different species than that in second degree, in that it is accomplished with express malice. In second degree, the intent is characterized by implied malice as an inference of fact and law, while manslaughter lacks all these elements.

Literally considered, therefore, taking the words of the statute in their primary sense, and applying them as ordinarily used in connection with legal definitions, the words purposely, and of deliberate and premeditated malice, have exclusive reference to deliberate and premeditated malicious murder. Second degree murder is defined by separate statute. So the two classes or kinds of first degree murder have nothing in common except that of intent, the characteristics of which differ in each class. First degree murder while perpetrating any of the enumerated felonies involves neither of the qualities of specific intent and malice such as are present in the other classes. Of course the word "purposely" qualifies all classes. The design of the statute in raising homicide committed while perpetrating any of the felonies to first degree was, that the enormity and turpitude of the act of taking life under such conditions should take the place of the specific intent, or of deliberate and premeditated malice, which are the elements of murder purposely committed with deliberate and premeditated malice. *Robbins v. State*, 8 O. S., 215. That is, the heinousness of the act is regarded as of such character as warrants the same extreme penalty, as for deliberate and premeditated murder, although the character of the act differs from the latter grade.

So in considering the question whether a charge of murder while committing robbery logically or literally includes second degree murder, and manslaughter, we become involved in legal and linguistic difficulty. The process of determining the prob-

lem involves the ascertainment of similar composite elements in the groups of crimes defined by the statutes. Intent and malice are common elements of first degree deliberate and premeditated murder, and of second degree intentional malicial killing. The elements are kindred, differing only in their characteristics; that is, first degree and second degree murder differ only in respect to the kind and quality of intent and malice. But killing another while robbing him or attempting to do so, or while burglarizing a dwelling, or killing by means of poison, involves an entirely different kind of an act; it is an act committed in a wholly different way. The statute assumes that the primary purpose and intent was not that the accused contemplated or intended to do more than to commit the felony; in theory the taking of life in such case is probably a secondary consideration or purpose. The statute takes into account what may probably be the usual and natural results of committing such felonies, that is, that life is more than apt to be taken—either to carry out the deed, or to protect the life of the perpetrator. Taking life by one thus engaged in committing any of the felonies, with perhaps the exception of by means of poison, therefore, does not directly involve intent and malice in the sense that these terms are used in defining first degree murder of the first class (that is deliberate and premeditated) and second degree (purposely committed and malicious murder). Nor is there any resemblance, or community of elements between first degree murder while perpetrating a felony, or manslaughter. In denial of this proposition it may be claimed that unlawfully killing another without malice, while in the commission of one of the felonies acts is an unlawful act, which are the words of the statute defining manslaughter. Every killing of a human being may be and is in contravention of some statute, and therefore is an unlawful act. But illogical would it be, to submit a verdict for manslaughter under a charge of murder while committing robbery, when the statute makes such an act exclusively murder in the first degree and nothing else. The accused is either guilty or not guilty of murder in the first degree. There is nothing in the statute defining this class having reference to either second

degree murder or manslaughter, and the allegations of the first count of the indictment can have reference to no other grade of crime.

But much responsibility rests upon the prosecuting attorney; he must use discriminating care in learning the facts and in appropriately framing the indictment. And if he has some doubt, as he evidently did have in this case, whether the proof would support murder while attempting to perpetrate a robbery, then he may frame a count of deliberate and premeditated murder, or of purposely and maliciously committed murder, or second degree, which will then clearly embrace a charge of the lower degree as concluded in this case.

But the type of first degree murder, committed without deliberation and premeditation, without express purpose, without express malice, and not a mere unlawful killing (manslaughter) without malice, not upon a sudden quarrel nor unintentionally while the slayer is in the commission of some unlawful act, but the kind of murder defined in the alternative in the section defining the two kinds of first degree, as one committed in the perpetration, or in attempting to perpetrate any of the felonies named, is one which stands alone and apart from the other, and is unlike and unrelated to the other classes and degrees of homicide. It is not of the class or kind of deliberate and premeditated murder, which embraces the common elements of intent and malice which are also present in the lower degrees, where the intent, purpose and accompanied malice may be of varied character.

Therefore does it not seem clear that the first class of murder —deliberate and premeditated—is the only type that comes within Section 13692 which authorizes the jury to acquit the accused of the higher degree when the indictment charges an offense including different degrees? If it turns out on trial that one charged with killing another while attempting to perpetrate a robbery did not in fact attempt to perpetrate such crime, would it be proper to submit forms of verdict for second degree murder, or manslaughter and to permit the jury to return a verdict of not guilty of murder in the first degree, but

guilty of second degree, or of manslaughter? It does not seem
so; defendant in such case is only charged by indictment with
murder committed while attempting to perpetrate a robbery,
and if it appears that he did not so kill, but did so purposely
and maliciously, he could not be found guilty of second degree
murder for the reason that the indictment did not charge him
with that form of crime. It is fundamental that an accused
must be specifically charged by an appropriate indictment with
the crime of which the state seeks to convict him. An indict-
ment charging the killing of another while attempting to per-
petrate robbery does not charge a murder purposely and mali-
ciously committed; nor does it charge manslaughter, as the mere
killing of another unlawfully, or without malice, or upon a
sudden quarrel, or unintentionally while the slayer was in the
commission of some unlawful act.

In the case at bar, as in *Adams* v. *State*, 29 O. S., 412, the
indictment contained two counts, one charging deliberate and
premeditated murder, and one for purposely killing while at-
tempting to rob, hence instructions were given on both counts.

Unlike the Bandy case, the indictment in this case in two
counts charged defendant with the two kinds of first degree
murder. The prosecutor probably was not sure which theory
the evidence would support. It was known that the proof would
consist in part of direct, and in part of circumstantial evidence,
which might tend to prove murder in attempting to perpetrate
a robbery, or it might turn out that it would prove a deliberate
and premeditated homicide or second degree murder. So the
prosecutor wisely included within the indictment a count for
first degree murder while attempting to perpetrate a robbery,
and one for deliberate and premeditated murder. This course
was pursued so that the indictment would clearly and with cer-
tainty charge each of the specific kinds; so that the one count
would clearly embrace second degree murder. The prosecutor
in preparing his case probably did not feel certain whether his
proof would prove murder while attempting to perpetrate rob-
bery, or whether it would show a case of deliberate and pre-
meditated murder, or of second degree. He charged deliberate

and premeditated murder in order that he might be certain to convict of second degree if the evidence proved that grade of crime. The criminal pleader must act with precise and accurate discrimination and interpretation in framing an indictment. We may abstractly consider the question of included degrees until doomsday, nevertheless we can not have a true conception until we enter the practical field of experience when called upon to deal with the questions clearly and actually presented by evidence, or arising for lack of evidence. White, J., in *Adams v. State*, 29 O. S., p. 415, stated: "It was not intended by the ruling in Robbins case to deny that it is the right and duty of the court to instruct the jury upon all questions of law arising before them in the case."

And of course it follows that no instruction should be given where there is no evidence tending to support one.

The statute provides seven ways or methods of committing murder. And the prosecutor not being assured whether he would prove murder committed while attempting to perpetrate a robbery, or one purposely and maliciously committed, he therefore wisely inserted two counts in his indictment to cover both classes or kinds. He thought, as do some judges, that this would be the only way to secure a conviction of a lesser degree, especially second degree, if it turned out that the proof failed to show a killing while attempting to perpetrate robbery.

The wisest prosecutor may not always have an abiding conviction that a charge of murder while attempting to perpetrate a robbery literally includes or embraces a charge of purposely and maliciously killing, or second degree murder. It has been decided that the heinousness of murder while committing one of the felonies named supplies the malice required in the other ways of committing murder or in the other class of first degree murder. When one is bent on robbery he may not intend to commit deliberate and premeditated murder, or even malicious and intentional murder. So when one kills while committing robbery, he neither deliberately killed with premeditated malice, nor purposely or maliciously killed, nor could his act descend to a mere unlawful killing.

The statute provides that when a higher degree includes a lesser degree when the evidence fails to prove the higher but does prove a lesser, then a verdict may be rendered for the lesser grade.

The wisest and most careful prosecutor whose viewpoint and tasks are so unlike that of the judge, may not perceive how a charge of murder while attempting to rob, or by poison, may include within its allegations, a "purposely and maliciously killing," or a mere unlawful killing, that is a killing while engaged in an unlawful act. There are many cases in other states holding that it may not; such cases are cited in *State* v. *Bandy*, 22 N. P. (N. S.), 65.

If murder in the first degree, literally considered, necessarily includes murder in the second degree and manslaughter, how are we to conclude that an indictment for murder while committing robbery, arson, rape, or by poison embraces a charge of "purposely and maliciously killing" or second degree, or the killing of another while engaged in an unlawful act, where the language and allegations thereof contain no averments descriptive of murder in the second degree or of manslaughter. Section 13583 provides that it shall be sufficient in charging murder in the second degree to allege that defendant did purposely and maliciously kill the deceased. To charge manslaughter it is sufficient merely to charge that defendant did unlawfully kill the deceased. Sec. 13583, G. C.

To charge that one purposely and with deliberate and premeditated malice kills another, includes an intent to kill and broadly speaking, may embrace an unlawful killing.

But in the killing of another while engaged in committing any one of the felonies, such as by means of poison, or in perpetrating or attempting to perpetrate rape, arson, robbery or burglary, the act involved is the killing of another while engaged in committing such felonies. And the language describing the act of killing in these ways, is not descriptive of a deliberate and premeditated murder, nor is it such as to embrace by description the purposely or malicious killing—second degree murder, or of an unlawful killing or manslaughter.

Under Section 13692 the jury is authorized to acquit the accused of the major charge when the indictment charges an offense including different degrees. In order that a major charge of an indictment shall include different degrees, the language thereof must contain the elements and be descriptive of the lesser degrees.

An accused must always be clearly and unequivocally advised by appropriate descriptive language of the precise nature or the crime charged.

Where one is charged with killing another while attempting to perpetrate a robbery, or while actually robbing another, under what circumstances might it be possible for the accused to be found not guilty of murder in the first degree, but guilty of second degree or of manslaughter? Let us be practical and not be content with words reduced to formal statement.

If an accused did not attempt to rob, but purposely and maliciously killed another, the crime is second degree. May it be supposed that a charge is to be made of murder without some ground or basis supported by some proof? Surely it will be known whether the evidence will tend to prove murder while attempting to perpetrate robbery, or while robbing, or whether it was a murder purposely and maliciously committed.

So it seems reasonably certain that an indictment like the one drawn in this case, or the one in the Bandy case could only be supported by proof of the attempt to commit felony, or of the actual commission. And the evidence must constitute full proof of the crime, or it must be a total failure of proof.

On the other hand if an indictment charges deliberate and premeditated murder, but the evidence adduced fails to prove premeditation and deliberation, but does show that the killing was done purposely and maliciously, then it is plain that the charge may include second degree. Or if there is a failure of proof of a purposely and malicious killing, but it appears that there was a killing while engaged in an unlawful act, then it appears that the crime was only manslaughter.

But if one is charged with killing while engaged in the act of robbery, there is no count contained in the indictment of a

specific intent, and there is no element of malice in the killing while perpetrating the felony. The statute does not in terms make a specific intent or the ordinary intent a part of the crime. The grammatical construction does not embrace a specific intent nor malice as elements or ingredients of this grade of first degree murder. In this grade of crime it is held that the enormity and turpitude of the criminal act in which the person is engaged at the time of the killing, supplies the place of the deliberate and premeditated malice, which is the element of first degree murder where the offender purposely and with deliberate and premeditated malice kills another. So deliberation and premeditation, or purposely and maliciously killing as in second degree do not have to be proved. Of course, intent to kill is present in any killing, but in a killing while in the commission of a felony the intent is an inference of fact for the jury. See 8 O. S., 131; 69 O. S., 215; 42 O. S., 150; 5 C. C., 496. It is the function of the jury to draw the inference.

In considering some twenty-two homicide cases, and in delving into the books and in a study of the criminal code for instructional purposes the writer has become obsessed with the belief that a proper view of our statutory crime of homicide warrants the conclusions reached. This conviction has been the result of many years, both in theory and practice. So it is natural to believe that the charge given in this concrete case is a correct conception.

The following charge given in this case was believed to be correct, viz.:

"We come now to the charge of the indictment and the law in respect thereto. The first count charges that defendant purposely killed the deceased while he was attempting to rob Henry Terry. The second count charges that defendant purposely, and of deliberate and premeditated malice, killed Terry. Two distinct and separate kinds of classes of first degree murder are charged by the indictment. They are both defined by Section 12400 as follows:

"'Whoever purposely and either with deliberate and premeditated malice, or in attempting to perpetrate robbery, kills another, is guilty of murder in the first degree.'

"Putting the terms of the statute in a different way the two kinds of murder may be defined as follows:

"1st. Whoever purposely, in attempting to perpetrate robbery, kills another is guilty of murder in the first degree.

"2d. Whoever purposely, and of deliberate and premeditated malice, kills another is guilty of murder in the first degree.

"The essential elements of murder while attempting to perpetrate a robbery are that the prisoner or accused shall have attempted either by force or violence, or by putting another in fear, to steal and take from the person of another anything of value.

"The elements of the crime of assulting another with intent to commit robbery by the use of force and violence, or by putting him in fear with intent to take and steal from the person anything of value, as prescribed by Sections 12421 and 12433, also enter into and become part of the elements of the crime of murder while attempting to perpetrate robbery, not, however, as distinct and separate crimes, but as component essential elements or part of the major crime of murder in the first degree while attempting to perpetrate a robbery

"If a person while attempting to perpetrate a robbery upon another, purposely kills him, such act constitutes the crime of murder in the first degree; there is no intermediate ground. Such act of killing while attempting to perpetrate a robbery immediately renders the crime murder in the first degree, and constitutes no other crime. The elements common to the lesser and higher grade of crime when killing takes place, are merged in the higher one, constituting elements thereof, it being impossible under such conditions to convict the accused of any crime other than the higher grade charged in the indictment, which in this case is murder in the first degree, when the evidence tends only to prove the higher crime."

Instruction was given as to alternative findings as to the three verdicts the jury might render.

The jury was also instructed that if it,

"should find defendant not guilty of murder in the first degree while attempting to perpetrate a robbery upon him, you will then consider the charge of murder contained in the second count of the indictment."

And no evidence being offered tending to prove the charge of deliberation or premeditation, or of deliberate and premeditated malice, this portion of the charge in the indictment was withdrawn from the jury.

No evidence having been offered tending to prove the charge of manslaughter contained in the second count, no verdict was submitted therefor.

The jury was thereupon instructed as follows:

"But under the law, the charge of purposely, and of deliberate murder, the charge of first degree murder contained in the second count of the indictment—embraces and includes the charge of second degree murder.

"Therefore the jury is instructed that if it should be of the opinion and should find that defendant did not kill the deceased while attempting to perpetrate a robbery, but it should find that he killed the deceased, and you will thereupon determine whether he is guilty of second degree murder."

Then follows the usual charge as to second degree murder, excepting that a further distinction was drawn distinguishing murder committed purposely and of deliberate and premeditated malice, and that committed while attempting to perpetrate a robbery, viz.:

"But you (the jury) must keep in mind at all times the distinction between murder in the first degree while attempting to perpetrate a robbery as charged in the first count of the indictment, and deliberate and premeditated malicious murder alleged in the second count. This class of first degree murder is wholly different from first degree murder where the killing is done purposely and of deliberate and premeditated malice.

"First degree murder while attempting to perpetrate a robbery, unlike deliberate and premeditated malicious murder, does not include second degree murder, for the reason that the statute defining murder, while attempting to perpetrate a robbery does not specifically prescribe either express or implied malice, nor deliberate and premeditated malice. The statute defining murder in the first degree while attempting to perpetrate a robbery, in substance and effect provides that the enormity and turpitude of the criminal act of killing another while attempting to rob is of such henious character as to justify and warrant raising this kind of murder to equal rank with deliberate and premeditated malice, the elements of the other class of first degree murder. Intention to kill is an essential element of this kind of murder, but the statute does not in terms prescribe malice.

"The instruction as to the difference between the two kinds of murder is essential to a proper understanding of the law

governing these classes and degrees of homicide, and what lesser degrees they include or embrace.''

Then followed instructions as to the alternative findings, viz., guilty or not guilty of murder while attempting to perpetrate robbery, guilty of second degree murder, and not guilty of either crime.

No instruction was given, or form of verdict submitted for manslaughter, because there was no evidence tending to prove any crime but murder while attempting to perpetrate robbery or of second degree murder.

The weakest feature in the case was that the indictment was for murder while attempting to perpetrate robbery, whereas circumstantial proof tended to support the view that some of the money, some of the kind of money that the deceased had, was found in possession of Pierce. But the circumstances more clearly support the crime of attempt to rob. However, if he was not guilty of that crime, but was guilty of taking. decedent's life, the proof tended to prove no other crime than that of second degree murder. Therefore, if defendant had the benefit of that degree and verdict, it matters not that that form of verdict was not submitted as one of the included degrees under the first count instead of the second count. But we do not wish to justify the course taken on that ground.

The instruction as to the first count—murder while attempting to perpetrate robbery was purposely framed so as not to permit the jury to find any lesser degree under it. But the jury having believed and found defendant guilty of first degree, it had no occasion to consider the verdict of second degree, and therefore there can be no prejudicial error, even should it be thought that murder while attempting to perpetrate a robbery literally considered includes second degree and manslaughter. The most to which defendant could have been entitled was submission of a verdict for second degree, which form of verdict was submitted. There was no evidence tending to show a mere unlawful killing, or one upon a sudden quarrel, etc.

Going back for brief reference to the instruction which stated

that one who kills another while attempting to perpetrate a robbery, "admits of no intermediate ground; that such act immediately renders the accused guilty of murder in the first degree, it being impossible to convict of any crime but first degree, when the evidence tends only to prove the higher crime." It will be observed that it is so coupled with the entire statement as to make it unobjectionable, under any view. Frankly, it was an endeavor to express our view of the law and evidence, by the statement, "when evidence tends only to prove the higher crime," and at the same time make it a correct proposition, under any view, by the last clause.

Coupled with the whole statement as it is, it constitutes a complete sound proposition of law. If the evidence did not tend to prove the higher crime, then the verdict might be for the lower degree or not guilty. And it was designed to state in unequivocal language the writer's opinion of the law, that this form of crime neither literally embraces lesser degrees nor warrants any verdict except guilty or not guilty. If such class of murder embraces second degree murder the indictment, then the statute authorizing it, would have to prescribe the elements of intent and malice, which it does not do.

The elements of deliberate and premeditated murder are intent and malice. The sole distinction between the higher and lower degrees of this class of first degree, is in the variation of intent and malice. In first degree the one is specific, or deliberate, the malice being express.

Section 13692 which deals with included degrees has application to indictments charging crimes containing allegation of facts which in fact embrace acts appertaining to and definitive of both grades.

First degree deliberate and premeditated murder, and murder committed "purposely" and "maliciously" each embraces the common elements of purpose and intent. The charge in an indictment of murder in the first degree committed purposely, and of deliberate and premeditated malice, therefore, sets forth and embraces common elements which are merely variated in degree and kind. So if the proof falls short of specific intent and express malice, but does not establish purposes to

kill and implied malice, then such grade is an included degree.

But murder committed while attempting to perpetrate robbery, while possessing the element of purpose or intent, the element of malice is literally not present, but is supplied by the heinousness of the character of the felony committed. The language and purpose shows this, and our courts have so held.

So it is logical and literally correct to state that if in a case where an accused is charged with first degree deliberate and premeditated murder, the proof falling short of showing previous grudge or threat or other motive disclosing deliberate and premeditated malice, but on the other hand discloses that the accused did intend to kill, and the circumstances shown are such as to warrant the jury in finding that there was malice, that is, implied malice, such as is present in second degree and which must be found to exist as a fact, in such cases this is an included degree of which the jury may find an accused guilty. This was the reason for charging on the second count of the indictment. There are peculiarities about each of the felonies, commission of which constitutes first degree murder.

But in all of them the writer's experience after much study in many cases leads to a firm belief that one accused of murder in committing or attempting to commit any of the felonies must be guilty of that grade, and nothing else, excepting in a case like the present one where the indictment contains a count for deliberate and premeditated murder which clearly embraces second degree.

In *Bandy* v. *State*, 102 O. S., 384, the syllabus states that literally considered murder in the first degree, necessarily includes manslaughter. Suppose we give this proposition careful consideration from a practical standpoint, in the present case, for example. The fact in the Bandy case was, and the Supreme Court so held, that the evidence tended to prove no other grade of crime than first degree murder as charged. It was either guilty of that or nothing, because Bandy had both robbed and killed the deceased and had done nothing else, and the Supreme Court could not help but state that where there was no evidence tending to support murder in the second degree or manslaughter, no verdict but guilty or not guilty is proper, be-

cause the proof failing to prove the crime charged, defendant is entitled to an acquittal.

But where an indictment charges murder in the first degree in the commission of robbery, why should it be stated that the lesser degrees are embraced where there is no evidence tending to prove murder in the second degree, or manslaughter, because if the evidence fails to prove murder in the first degree, defendant is then entitled to an acquittal?

The design, of course, was to leave the inference of opinion that a charge of any kind of murder in the first degree might make it possible to convict an accused of either first degree, second degree or manslaughter, all of which was not germane to the question decided. Such view is inconsistent with the question actually decided in *Dresback* v. *State,* 38 O. S., 365.

But it is wholesome mental gymnastics to exercise one's own thinking and reasoning powers on the facts involved, aside from the decisions.

It would have been just as improper in this case to submit more forms of verdict as was held in the Bandy case. Then why further confuse bench and bar by an expression of mere opinion when the conclusion upon what was actually done was not erroneous. In homicide cases it is wise to keep within the scope of the actual question and thus avoid danger. In this case the question is whether the charge and the forms of verdict submitted was correct. Manslaughter it is generally considered is an included degree of an indictment for first degree. Our view has been fully stated as to second degree; but manslaughter deserves special consideration. Manslaughter was eliminated from the case because there was no evidence tending to prove it. And no statement such as in the Bandy case without evidence to support and warrant it, seems to have been warranted. Bandy killed his victim while actually robbing him; such was the verdict and judgment. The present case is precisely similar. Pierce killed Terry while attempting to rob him, although the jury might have found by deduction, that he purposely and maliciously killed him. But robbery was the motive.

In considering the question whether murder in the first degree literally considered includes manslaughter, regard must be had for the present statutory definition:

"Whoever unlawfully kills another, except with deliberate and premeditated malice, except purposely and maliciously, and except while perpetrating or attempting to perpetrate any of the felonies named is guilty of manslaughter." Sec. 12404.

Whoever unlawfully kills another, except as specified in the homicide statutes then, is guilty of manslaughter. The unlawful act must be one which is *prohibited by law*. Judge Price said that in ascertaining the elements of the crime of manslaughter we look to the elements of the crime as it stood before the codification or revision. "Therefore," he says, "to convict of manslaughter, it is incumbent upon the state to establish that the killing was done 'either upon a sudden quarrel, or, unintentionally while the slayer was (is) in the commission of some *unlawful* act.'" Judge Price states that the "court has settled the commonly accepted rule in more than one case." He quotes Justice Avery in *Sutcliffe* v. *State,* and we therefore look *always to the statute to ascertain what* is the offense of the prisoner. "No act or omission, however hurtful or immoral * * * is punishable as a crime * * * unless * * * such act is specially *enjoined and prohibited by the statute law of the state."* Justice Avery states that "when the Legislature first enacted statutes upon the subject of homicide and defining its different degrees, it did, as to manslaughter, what the (statute) suggests, adopted almost literally the common law definition."

But this statement seems to be not *literally* true or correct, since our courts have unequivocally held that the unlawful act must have been "prohibited by law," that is, by *statute*.

Judge Wanamaker, in *State* v. *Schaefer,* 96 O. S., 215, on p. 221, states:

"Manslaughter as known in Ohio is defined as follows:

"That if any person shall unlawfully kill another without malice, either upon a sudden quarrel or unintentionally, while the slayer is in the commission of some unlawful act, every such person shall be deemed guilty of manslaughter."

Is that literally true, since our law of crimes are solely statutory, and the language of the statute has for a long time been that:

"Whoever unlawfully kills another, except in the manner described in the next four preceding sections, is guilty of manslaughter." Sec. 12404.

Literally, according to the statute, our crimes being exclusively statutory, this is not true, for in no statute is it provided that any one who kills another "either upon a sudden quarrel is guilty of manslaughter." Strictly, according to statute manslaughter only can be committed when the one who kills another does so in contravention of the *mandate of some specific statute.* Then does it not follow, *literally according to the statute,* that the killing of another upon a sudden quarrel, or any other way in strict violation of some specific mandate of a statute is not manslaughter? Literally, therefore, no act of killing of another constitutes manslaughter unless it be in direct violation of some specific statute, as in violation of a statute regulating the speed of an automobile or vehicle, or in driving the same in such manner as to endanger life or limb. R. S., Sec. 12603.

We have not therefore "adopted almost literally the common law definition," as stated.

The original enactment of September 6, 1788, Section 3, provides:

"That if any person shall, unlawfully kill another, without malice, express or implied, either intentionally on a sudden quarrel or unintentionally in the commission of some unlawful act."

Having finally enacted the statute that:

"Whoever unlawfully kills another excepting in the manner described in the four preceding sections," etc.,
it must follow that no act may constitute manslaughter unless the unlawful act be one made so by specific statute.

To clarify the situation, the old statute should be re-enacted making it unlawful to kill another in a sudden quarrel, though not in violation of a statute. We can not incorporate anything in a statute which is not literally contained therein. Under the

statutes making it unlawful to carry a concealed weapon, an act of killing while so violating the statute would constitute manslaughter. We have been applying this rule; the writer has applied it in some two or three cases. If, therefore, this be the rule which we think it is, would it have been proper in the present case to have so charged and to have submitted a form of verdict for manslaughter?

We think clearly that it would not have been proper for the reason that Section 12404 provides that:

"Whoever unlawfully kills another except in the manner provided in Section 12404 while attempting to perpetrate robbery, or as provided in Section 12403, since both of these statutes were applied in this case, and the two forms of verdict sent to the jury."

. The defendant could not have been convicted of any other grade of crime than these two. The defendant was either guilty of one of these two crimes, or he should have gone acquit. That was his right; and to have charged the jury that he could have been convicted of manslaughter, and to have submitted such form of verdict would have been in violation of defendant's right. It would have made it possible to have convicted defendant of a grade of the crime of manslaughter when there was no evidence tending to show him guilty thereof. He was entitled to an acquittal of any crime, if he was found not guilty of the two crimes submitted to the jury. *Dresback* v. *State, supra,* and the reasoning of the opinion in *Bandy* v. *State, supra,* clearly support and warrant this position.

We think there was no error in the judgment in this case, and the motion for a new trial is overruled.

The general subject of homicide has been considered rather fully. The desire and purpose was to go into the subject sufficiently to be as nearly right as our ability may permit. The advance that has been made in *State* v. *Schaeffer,* and *State* v. *Bandy* is gratifying. Verdicts for assault and battery, for simple assault or for any lesser degree not supported by any evidence should not be submitted for the reason that submission of such forms of verdict which the evidence does not tend to sup-

port, simply invests juries with arbitrary power to disregard the law and the evidence, and to render verdicts in flagrant disregard of all proof.

If prosecuting attorneys in framing indictments pursue the course taken in this case, and trial judges apply the rule of law actually decided in *State* v. *Dresback,* and *Bandy* v. *State, supra,* justice will be administered according to law, and we will have no more controversy, uncertainty or difficulty.

The motion for a new trial is overruled.